UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BRUCE BARON,

                    Plaintiff,                **MEMORANDUM OPINION**, and **ORDER**

     - against -                      CV-05-0110 (TCP)(ETB)

STEVEN RABINOVICI, JACK SCHWARTZBERG,
SHRAGA ARANOFF, BRAD SCHWARTZBERG,
DENNIS SHIELDS, LAWRENCE SHIELDS,
RICHARD FRIEDMAN, JEFFREY MARKOWITZ,
NASSAU RADIOLOGIC GROUP, P.C. NASSAU
RADIOLOGIC, INC., CROWN COVE
ASSOCIATES LLC, PAUL CAYEA, STEPHEN RUSH,
BRUCE SAXE, ANNETTE MARINACCIO, DAVID
JACARUSO, MARIE JACARUSO a/k/a MARIE
GRAZIOSI, HARRY BARNETT, STANLEY BARSHAY
JAY HAFT, DAVIS & GILBERT LLP, LAWRENCE
KAPLAN, and STANLEY KAPLAN

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
PLATT, District Judge:

        On July 7, 2005, Plaintiff filed his initial 132 page Complaint (the

"Original Complaint"). Finding the Complaint incomprehensible, U.S.

Magistrate Judge E. Thomas Boyle dismissed it and ordered Plaintiff to file a

"RICO Case Statement" along with his Amended Complaint. (Transcript of

Conference, April 28, 2006, at 4-5.) Despite Judge Boyle's clear instructions

concerning the format of the RICO Case Statement, Plaintiff's submission was

virtually unintelligible. The Amended Complaint (or "the Complaint") is also

difficult to understand. To the extent it can be deciphered, the Complaint fails to

comply with Federal Rules of Civil Procedure ("Rules") 8(a) or 9(b), or with the RICO (Racketeer Influenced Corrupt Organization Act, 18 U.S.C. §§ 1961 *et seq.*) pleading requirements. Moreover, the Amended Complaint must be dismissed because it is wholly inconsistent with the Original Complaint.

   This Court presumes familiarity with the facts of this case.

## A. Federal Rules of Civil Procedure 8(a) and 9(b)

   The Amended Complaint is thirty-four pages and includes allegations against twenty-three defendants. It is replete with legal conclusions but short on factual allegations. Moreover, a substantial number of the factual allegations Plaintiff does make are unrelated to the present litigation and were apparently added only to embarrass and harass the Defendants. (*See* Am. Compl. ¶¶ 9, 12, 73, 78, 89-90 (alleging irrelevant information concerning Defendants' grandchildren, bedrooms, and conveyances of real property.) In light of the foregoing, the Complaint does not comply with Rule 8(a) which prescribes "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

   Furthermore, the portions of the Amended Complaint which allege bankruptcy fraud as a RICO predicate do not meet the heightened pleading requirements of Rule 9(b), which require that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159,

178 (2d Cir. 2004) [hereinafter *First Capital*] (holding that heightened pleading requirements apply to a complaint alleging bankruptcy fraud as a predicate act in a RICO case).

Plaintiff alleges that Defendants committed bankruptcy fraud by concealing certain facts from the Bankruptcy Court overseeing the reorganization of a company known as Complete Management Inc. ("CMI"). (Am. Compl. ¶ 46). The concealed facts include (i) that CMI and Plaintiff at one time owned shares in a company known as Molecular Radiation Management ("MRM"), and (ii) that in November 1997, the shares owned by CMI were transferred to various Defendants.[1]  (Am. Compl. ¶¶ 31, 38-39, 46.)  However, the Complaint lacks many of the necessary particulars which must be alleged pursuant to Rule 9(b), such as the names of the individuals who made the fraudulent transfer. *Cf Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 187 (2d Cir. 2004) (holding that to plead fraud with particularity, plaintiff must *inter alia* identify the maker of the fraudulent statements).  The Complaint merely states that the shareholders of CMI were not involved in the transfer; it does not identify the actual transferors.

Plaintiff has also failed to allege a "strong inference" that the transfer was made in contemplation of bankruptcy. *See First Capital*, 385 F.3d at 179 (internal quotation omitted) (holding that plaintiff must demonstrate facts

---

[1]  Plaintiff calls the transfer of shares "the theft of the crown jewel." (Am. Compl. ¶ 38.)

showing a "strong inference" of bankruptcy fraud when pleading under Rule

9(b)). The strong inference does not exist here because (i) the Bankruptcy

Trustee, the true victim of the alleged fraud, apparently refused to join this

lawsuit, and (ii) Plaintiff alleges that the Bankruptcy proceedings began almost

two years after the transfer occurred. (Am. Compl. ¶¶ 38-39, 73; Pl.'s Mem. Opp.

Defs.' Mot. Dismiss ("Pl.'s Mem. Opp.") at 2, 6.) Under the circumstances,

Plaintiff has not met the strict requirements of Rule 9(b).


## B. RICO Pleading Requirements

In order to establish a civil RICO claim, Plaintiff must demonstrate

that the alleged predicate acts of bankruptcy fraud "pose a threat of continued

criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229,

239 (1989). Instead of making the required allegations, the Complaint contains

the following nonsense under the heading "Threat of Continuity":

> On information and belief, a jungle gym and tennis
> courts now occupy the verdant meadow where once
> sped Man O'War. The Duchess of Windsor no
> longer sips gin by the pool. In their place, the
> grandchildren of Cardone and the grandchildren of
> defendant LAWRENCE SHIELDS come to visit
> and hear lessons in *fraud*. "I got away with this. I
> got away with that. You can, too."

(Am. Compl. ¶ 89 (emphasis in original).)

Needless to say, such statements do not properly allege a continuing violation.

In his opposition to Defendants' Motion to Dismiss, though not in

the Complaint, Plaintiff alleges that the predicate acts are a "continuing violation" because the transfer of CMI's shares in MRM and the issuance of security interests in the Cisplatin patent are "parallel" frauds. (Pl.'s Mem. Opp. at 17.) Plaintiff cites no case law that "parallel" frauds may alone demonstrate a continuing violation. To the contrary, the Second Circuit has found that the fact that two predicate acts are similar in nature does not imply a threat of continuing violation. *See First Capital*, 385 F.3d at 165-66, 178-79) (finding no continuing violation despite fact that nearly all predicate acts related to bankruptcy fraud).

Defendant also argues the violation is ongoing because the bankruptcy was filed under Chapter 11. This claim also fails. Firstly, Plaintiff cites no relevant case law to back up this proposition. Secondly, the alleged bankruptcy fraud as to the transfer of CMI's stock was certainly terminable as Plaintiff admits the transfer made the company (CMI) worthless. (Am. Compl. ¶¶ 32, 39.) In similar circumstances, the Second Circuit held that a bankruptcy fraud could not constitute a continuing violation where "there was nothing left to loot." *First Capital*, 385 F.3d at 181.

## C. Inconsistency of the Complaints

The allegations in the Amended Complaint concerning bankruptcy fraud are entirely inconsistent with the allegations in the Original Complaint. Superseded pleadings, such as the Original Complaint, are deemed to be

admissions of a party opponent, and they are admissible in the case in which they were originally filed. *See United States v. GAF Corp.*, 928 F.2d 1253, 1259 (2d Cir. 1984). As noted above, in the Amended Complaint, Plaintiff alleges that (i) Defendants Crown Cove, Dennis Shields, Jack Schwartzberg and Marie Jacaruso "stole the crown jewel" - CMI's fifty percent interest in MRM shares - without Plaintiff's knowledge, and (ii) the theft was a fraud on the Bankruptcy Court. (Am. Compl. ¶¶ 31, 38-39, 46.) Both arguments conflict with the Original Complaint. Firstly, in the Original Complaint, Plaintiff claimed that CMI voluntarily "divest[ed] itself of any interest in defendant MRM[.]" (Orig. Compl. ¶ 85.) Secondly, in the Original Complaint, Plaintiff admitted that he signed a document labeled "Shareholder's Agreement for Molecular Radiation Management, Inc." The Shareholder Agreement, which was submitted to the Court, lists all the stockholders of MRM - a list which includes Plaintiff and the "thieves" who "stole the crown jewel", but does not include CMI. (Original Compl. ¶ 85; Weller Aff., Ex. A.)[2] (Orig. Compl. ¶ 91.) Obviously, Plaintiff knew the shares had been transferred from CMI to the "thieves" when he signed this agreement two years prior to the bankruptcy.

　　　　Thus, to the extent the transfer of the CMI shares constituted a theft from CMI or a fraud on the Bankruptcy Court, Plaintiff was complicit in the

---

[2] Because the shareholder's agreement is integral to the Complaint we consider it in this motion. *See Paulemon v. Tobin*, 30 F.3d 307, 308-09 (2d Cir. 1994) (holding that a Court is required to consider documents attached to and *incorporated by reference* in the complaint).

crime.  He may not now claim that he is a victim.  Nor may he bring a Complaint in place of the Bankruptcy Trustee, the true victim of the alleged fraud.  *See Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996) (holding that defendant could not make a claim on behalf of an absent party who had not requested relief).

## CONCLUSION

Under the circumstances, Plaintiff is not entitled to take another bite of the apple and again amend his RICO claims.  This Court also declines to exercise supplemental jurisdiction over Plaintiff's State law claims for tortious business interference and indemnification pursuant to 28 U.S.C. § 1367(c)(3).[3] Accordingly, the Amended Complaint is hereby **DISMISSED with prejudice**. The Court directs the Clerk's Office to close this case.

**SO ORDERED**.

/S/_____
Thomas C. Platt, U.S.D.J.

Dated:  May 12, 2006
          Central Islip, New York

---

[3] This Court may decline to exercise supplemental jurisdiction because we have only federal question jurisdiction over the case.  Contrary to Plaintiff's contention, this Court does not have diversity jurisdiction.